## Algier Estate

*Helen Wade Parke*, for accountant.

*P. Richard Klein*, for Commonwealth.

MacElree, P. J., December 15, 1966.—By proceedings duly had in the Orphans' Court of Chester County, Pa., on October 14, 1960, Harry M. Riley was duly appointed guardian of the estate of Leray Frances Algier, a minor.

Thereafter, on October 17, 1960, the bond of the said guardian in the sum of $2,000 was filed and approved.

Under date of March 30, 1965, on petition of the Commonwealth of Pennsylvania by its claim settlement agent of the Department of Public Welfare, a citation was awarded directed to Harry M. Riley to show cause why he should not file an account of his administration of the minor's estate.

Thereafter, prior to a hearing on said citation, by stipulation filed April 19, 1965, by Helen Wade Parke, Esq., attorney for said guardian, and P. Richard Klein, Esq., attorney for the Commonwealth of Pennsylvania, it was stipulated that the said guardian would file an account of his administration of the said minor's estate within 30 days of said stipulation.

Said account was duly filed October 6, 1965.

To the said account, exceptions were filed as follows: "AND NOW, November 9th, 1965, the Department of Public Welfare of the Commonwealth of Pennsylvania excepts to the Account heretofore filed by Harry M. Riley, guardian of the Estate of Leray Frances Algier, a minor, filed with the Register of Wills of Chester County and listed on the Audit List of De-

cember 2, 1965 by the Orphans' Court of Chester County, Pennsylvania, for the following reasons:

"1. That the guardian has neglected to include among the expenses and disbursements of the Estate the sum of $1754.90 which the guardian owes the Commonwealth of Pennsylvania, Department of Public Welfare, for public assistance payments made on behalf of the minor.

"2. That the guardian has allegedly invested the sum of $1550.00 and obtained a judgment thereon from the guardian's son in order to complete a residence wherein the guardian is living".

At a hearing on said exceptions no testimony was offered other than that contained in a stipulation filed May 18, 1966, incorporated herein by reference thereto and being as follows:

"AND NOW, to wit, this 16th day of May, 1966, it is hereby stipulated and agreed by and between Helen Wade Parke, Esquire, attorney for the guardian, and P. Richard Klein, Esquire, attorney for the Department of Public Welfare, Commonwealth of Pennsylvania, as follows:

"1. That the guardian did receive from the Department of Public Welfare, Commonwealth of Pennsylvania, assistance on behalf of Leray Frances Algier, a minor, during the calendar period March 4, 1961 and including April 28, 1964, the total sum of $1754.90.

"2. That in March of 1964, the guardian did receive from the Social Security Administration of the United States Government a lump sum payment of $1554.00 which lump sum payment represented social security benefits at the rate of $42.00 per month from January 1, 1961 down through and including March of 1964.

"3. In addition, the guardian did receive a check in the amount of $42.00 for social security benefits for

Leray Frances Algier for the month of April, 1964.

"4. That thereafter the Department of Public Assistance, Commonwealth of Pennsylvania, has made demand upon the guardian for the repayment of $1754.90 paid by the Department of Public Assistance to the guardian for assistance granted to Leray Frances Algier, a minor, during the period aforesaid and that such demands have been refused".

The question submitted to this court, as stated by counsel for the Commonwealth of Pennsylvania is as follows:

"Is the Department of Public Welfare of the Commonwealth of Pennsylvania entitled to reimbursement for public assistance payments made during a calendar period during which the recipient or his guardian on his behalf receives assistance and/or support from the Social Security Administration of the United States Government?"

The question as stated by counsel for the guardian is as follows:

"Can a guardian of a minor be required to refund public assistance which at the time when it was received was in good faith applied to the urgent needs of the minor, no repayment agreement having been executed and the effect of the refund would be to deplete the estate completely, leaving nothing for education, emergency or burial of the minor?"

Stated specifically, the question is whether the Commonwealth of Pennsylvania is entitled to be reimbursed on account of the sum of $1,754.90 from invested funds presently in the hands of the guardian of the minor in the amount of $1,550, said latter sum being an accumulation of Social Security benefits received on behalf of said minor.

A summary of the facts contained in the aforesaid stipulation is as follows:

1. The accountant, as guardian of the estate of

Leray Frances Algier, a minor, did receive from the Department of Public Welfare of the Commonwealth of Pennsylvania, assistance for the benefit of Leray Frances Algier, a minor, during the calendar period March 4, 1961, up to and including April 28, 1964, a total sum of $1,754.90.

2. In March 1964, the guardian received from the Social Security Administration of the United States Government a lump sum payment of $1,554, said lump sum payment representing Social Security benefits for said minor at the rate of $42 per month from January 1, 1961, through and including March of 1964.

3. In addition to said sum of $1,554, the guardian received a check in the amount of $42 for Social Security benefits for Leray Frances Algier, the aforesaid minor, for the month of April, 1964.

Much of the history recited in the briefs filed by counsel is unsupported by the record other than that which can be gleaned from an examination of the account, which, while showing a deficit of $4,735, does show a fund of $1,550 stated as being invested in a judgment in favor of Leray Frances Algier, a minor, in that amount.

Preferably, this court would decline to adjudicate the question based upon such an insufficient factual record.

However, neither counsel for the Commonwealth nor for the guardian has seen fit in the intervening months to offer further testimony and, in order to dispose of this matter, we feel obliged to take the record as we find it.

Section 207 of title II of the Social Security Act of August 14, 1935, as amended, 42 U. S. C. A. §407, reads as follows:

"The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys

paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment or other legal processes, or to the operation of any bankruptcy or insolvency law".

Many of the cases cited by counsel are not pertinent to a determination of the question as we have stated it.

This court is not confronted with the question as to the authority of a guardian to execute a repayment agreement by reason of the fact that no such agreement is alleged.

Whether the statutory provision last above recited precludes the Commonwealth from seeking reimbursement from such funds accumulated in the hands of the guardian of the minor becomes purely a question of law.

We are of opinion that of the cases cited in support of the Commonwealth's contention, several are readily distinguishable, or even contrary to its contention.

Primarily, it is clear to this court that the status of the Commonwealth is that of a creditor: Beall Estate, 384 Pa. 14, 19.

Commonwealth v. Garlick, 26 D. & C. 2d 389, was apparently decided on the theory that defendant had signed agreements to pay claims.

Dilijonas Estate, 16 D. & C. 2d 142, in which the claim of the Department of Public Assistance of the Commonwealth was denied, involved accumulated compensation paid by the Veterans Administration, in which case, while the statutory language differs somewhat from that of the Social Security Act, the conclusion reached we believe to be correct.

Commonwealth of Pennsylvania v. Sharago, 381 Pa. 74, involved an entirely different factual situation.

Department of Public Assistance v. Engell, 6 D. & C. 2d 563, involved Federal compensation payments where the recipient had executed a judgment note as security for reimbursement.

Further support of the conclusion which we have reached is to be found in Coyle Estate, 1 D. & C. 2d 391, 393, where it was stated:

"A study of the Act of Congress and the Social Security regulations pursuant thereto has convinced the court that the payee of Social Security benefits for a minor is the person designated by the Social Security Administration and not by the court, and that such payee may legally be required to account to the Social Security Administration for the funds so received, but cannot be required to account for the same to this court. In other words, the guardian of a minor's estate is required to account to the orphans' court for all funds received by the minor pursuant to the appointment by such court but is not required to account to the court for funds received in an individual capacity by virtue of designation of a Federal agency".

In determining whether a representative payee may use the Social Security benefits of a minor or incompetent beneficiary to discharge a past indebtedness, the Social Security Administration has used the following guides and procedures in applying section 207 of the Social Security Act:

"In order to ensure to the beneficiary an income for current maintenance, Section 207 of the Act exempts Title II benefits either before or after payment, from execution, levy, attachment, garnishment, or other seizure by creditors so long as such payments are identifiable. The only exceptions to this exemption are the Administration's right to recover an overpayment and the IRS' right to levy for Federal income tax.

"To make sure that the beneficiary has funds available for his current maintenance (which includes his reasonably foreseeable future needs), a representative payee may not be required to use OASDI benefits to discharge a past indebtedness of the beneficiary. In this connection, a past indebtedness is defined as an indebt-

edness incurred before the first month for which benefit payments are certified to a payee on the beneficiary's behalf. Whenever payment of a past indebtedness would jeopardize the beneficiary's current maintenance, including his reasonably foreseeable future needs, it is the representative payee's responsibilty to invoke on the beneficiary's behalf the protection of Section 207 of the Act.

"A representative payee may, however, after Administration approval, use benefits to discharge a valid properly authenticated past indebtedness of the beneficiary provided the amount required to discharge such a past indebtedness is not necessary for the beneficiary's current maintenance, including his reasonably foreseeable future needs".

For the reasons stated above, this court is of opinion that the first exception should be dismissed.

We further conclude the Commonwealth of Pennsylvania has no standing with regard to the second exception.

CONCLUSIONS OF LAW

And now, December 15, 1966, the exceptions of the Department of Public Welfare of the Commonwealth of Pennsylvana are without merit based upon the existing record.

Said exceptions are herewith dismissed and the subject account is herewith confirmed nisi.